UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLYING R AVIATION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-1341-B |
| | § | |
| BONDIO, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Flying R Aviation, LLC ("Flying R")'s Motion for Entry of Default Judgment (Doc. 46). Because there is not a sufficient basis in the pleadings for default judgment on Flying R's breach-of-contract claim, the Court **DENIES** the Motion. If Flying R wishes to file a motion for leave to file an amended complaint, it must do so within **TWENTY-ONE (21)** days of this Order. If Flying R does not do so or fails to properly amend its complaint to sufficiently allege its claim, the Court will dismiss the case without prejudice and without further notice.

## I.

## BACKGROUND

This is a contract dispute involving co-ownership of an airplane. Flying R bought a 50% interest in a Gulfstream jet (the "Airplane") from Bondio LLC ("Bondio"). Doc. 1-9, First Am. Pet., ¶ 1. Bondio subsequently sold most of its ownership interest in the Airplane, retaining only a 5% interest. *Id.* Flying R and Bondio's use and operation of the Airplane is governed by a co-ownership agreement (the "Agreement"). *Id.* ¶ 2. The Agreement provides that Bondio may not use the Airplane more than 1.5 days a month based on its 5% interest, and that parties must schedule and

- 1 -

coordinate their use of the Airplane through Flying R, as Flying R is the "Managing Party." *Id.*
¶¶ 2–3. As Managing Party, Flying R has authority over scheduling, flight crew, maintenance, and
other support services, and to make decisions on behalf of the owners. *Id.* ¶ 3. The Agreement
provides that in the event of conflict, Flying R, as the majority owner, has scheduling priority. *Id.* ¶
2. Despite the terms of the Agreement, Bondio used the Airplane more than its allocated share,
refused Flying R and other owners access to or use of the Airplane, invoiced Flying R for fuel costs
without providing documentation, charged late fees and usage fees not authorized by the Agreement,
and failed to provide Flying R with flight logs and maintenance records. *Id.* ¶ 4.

On June 6, 2022, Flying R filed this breach-of-contract action against Bondio in the 162nd
Judicial District of Texas. Doc. 1-2, Orig. Pet. Bondio removed the case to this Court on June 21,
2022, and filed its First Amended Answer, Affirmative Defenses and Counterclaims on July 8, 2022.
Doc. 1, Not. Removal; Doc. 7, Am. Answer. Bondio's counsel subsequently moved to withdraw from
the representation due to Bondio's lack of communication and lack of participation in the discovery
process. Doc. 20, Mot. Withdraw. The Court granted this motion to withdraw on November 8, 2022.
Doc. 36, Am. Order. In this Amended Order, the Court informed Bondio that, as a corporate entity,
it could not proceed in the matter without counsel. *Id.* at 2. The Court ordered Bondio to obtain new
counsel and have counsel file a notice of appearance by December 7, 2022. *Id.* at 3. The Order
warned, "If Bondio fails to comply with this Order, Bondio will be subject to default judgment." *Id.*

The deadline passed without new counsel appearing. On December 12, 2022, the Court
ordered Flying R to move for entry of default and default judgment. Doc. 41, Order. Flying R filed
this Motion on December 27, 2022. Doc. 46, Mot. Default J.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2).

That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

Courts have developed a three-part analysis to guide this discretion. *See, e.g.*, *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, the Court assumes that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiffs should receive. *Ins. Co. of the W. v. H&G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

After reviewing Flying R's Motion, the Court concludes that a default judgment is procedurally warranted, but it is not supported by a sufficient factual basis in Flying R's First Amended Petition (Doc. 1-9). Specifically, the Court finds no factual allegations as to Flying R's performance or tendered performance under the Agreement. Accordingly, the Court **DENIES** the Motion for Default Judgment (Doc. 46).

A.      *Entry of Default Judgment Is Procedurally Warranted*

After reviewing Flying R's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Bondio is in default. *See* Doc. 51, Entry Default. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, Bondio's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Flying R]'s interests." *See Ins. Co. of the W.*, 2011 WL 4738197, at *3. Third, the grounds for default are "clearly established," as Bondio has not obtained counsel or otherwise communicated with the Court on this matter. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that "[d]efault judgment is appropriate if defendants are totally unresponsive") (internal quotations and citation omitted). Fourth, there is no evidence before the Court to indicate that Flying R's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. In fact, Bondio notified the Court of an error in Bondio's address, suggesting they were aware of the Court's orders in this case. Fifth, and relatedly, the harshness of a default judgment is warranted in this case due to Bondio's failure to obtain legal counsel after an order from this Court. *See id.* Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Bondio. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.      *There Is Not a Sufficient Substantive Basis for Judgment on the Pleadings*

In light of the entry of default, Bondio is deemed to have admitted the well-pleaded allegations in Flying R's First Amended Petition. *See Nishimatsu*, 515 F.2d at 1206. However, Bondio "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Thus, the

Court must review the pleadings to determine whether they provide a sufficient basis for Flying R's claim for relief. *Id.* In conducting this analysis, the Fifth Circuit draws "meaning from the case law on Rule 8," requiring "a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Flying R's breach-of-contract claim is not supported by the factual allegations in Flying R's First Amended Petition. To prevail on its breach-of-contract claim, Flying R must show "(1) the existence of a valid contract, (2) performance or tendered performance by [Flying R], (3) breach of the contract by [Bondio], and (4) damages sustained by [Flying R] as a result of the breach." *See Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).[1]

The Court finds Flying R has not sufficiently pleaded its breach-of-contract claim. Flying R alleges it "has performed, tendered performance, or was excused from performing under the [Agreement]." Doc. 1-9, Am. Pet., ¶ 38. However, no facts in the First Amended Petition point to what performance Flying R tendered or what performance Flying R was excused from. Thus, this statement is an unsupported legal conclusion. And while in its Motion Flying R states that it "fulfilled all duties required of the Managing Party," Doc. 46, Mot. Default J., ¶ 24, no such factual allegation

---

[1] The Court applies Texas law because the Agreement contains a Texas choice-of-law provision, *see* Doc. 1-9, Ex. A-1, ¶ 7.22, and it does not appear to "violate[] a fundamental public policy of Texas," *see Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004).

exists in the First Amended Petition. For this reason, Flying R has not established a substantive basis for default judgment.

## IV.

## CONCLUSION

In sum, the Court concludes Flying R is not entitled to default judgment because the First Amended Petition's allegations do not support a breach-of-contract claim against Bondio. Accordingly, Flying R's Motion for Default Judgment (Doc. 46) is **DENIED**. If Flying R wishes to file a motion for leave to amend its complaint to remedy the deficiencies identified, it must do so by March 31, 2023.

**SO ORDERED.**

**SIGNED: March 13, 2023**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 7 -